MacCONAGHY & BARNIER, PLC
JOHN H. MacCONAGHY, State Bar No. 83684
JEAN BARNIER, State Bar No. 231683
645 First Street West, Suite D
Sonoma, CA 95476
Telephone: (707) 935-3205
Email: macclaw@macbarlaw.com

Attorneys for Plaintiff,
JEFFREY G. LOCKE

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>JOHN EDWARD FRAINE,<br><br>Debtor. | Case No. 13-11158<br>(Chapter 7)<br><br>AP No. |
| JEFFRY G. LOCKE, Trustee in Bankruptcy of the Estate of John Edward Fraine,<br><br>Plaintiff,<br><br>v.<br><br>THE PERFECT BUILDER, INC., a California corporation; JOHN EDWARD FRAINE, an individual,<br><br>Defendants. | **COMPLAINT FOR DISSOLUTION OF CORPORATION, TURNOVER OF PROPERTY, AND FOR INJUNCTIVE RELIEF** |

Plaintiff alleges:

JURISDICTION AND VENUE

1. On June 10, 2013, the debtor John Edward Fraine filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the above-entitled Court (the "Main Case"). Thereafter, Plaintiff Jeffry G. Locke was duly-appointed as the Chapter 7 Trustee in Bankruptcy of the debtor.

2. This Court has subject matter jurisdiction over this adversary proceeding pursuant

to the provisions of 28 USC §§ 157, 1334(d), and 1346(f). Venue is proper here pursuant to the provisions of 28 USC § 1409.

3. This matter is a "core proceeding" as defined by 28 USC § 157(b)(2)(A), (E), (M), and (O). Alternatively, Plaintiff consents to final judgment of the Bankruptcy Court pursuant to the provision of 28 USC § 157(c)(2).

PARTIES

4. Plaintiff is informed and believes and on that basis alleges that Defendant The Perfect Builder, Inc., is a California corporation. At all relevant times, the Defendant John E. Fraine was the sole shareholder, director, and officer of Defendant The Perfect Builder, Inc.

5. Plaintiff, as the duly appointed Trustee in Bankruptcy of John E. Fraine, has succeeded by operation of law to any and rights and powers of all of the shareholders of Defendant The Perfect Builder, Inc., including without limitation, all of the rights and powers to compel the dissolution and winding up of Defendant The Perfect Builder, Inc., set forth in California Corporations Code §§1800 *et seq* and 1900 *et seq*.

GENERAL ALLEGATIONS

6. On December 17, 2002, the Defendant John Edward Fraine organized the Defendant The Perfect Builder, Inc., as a California corporation. Thereafter, Defendant Fraine made a number of capital contributions to The Perfect Builder, Inc., in the form of advances and purchases funded by his personal credit cards, including Bank of Marin VISA XXXXXX2282, Bank of Marin VISA XXXXXX0364, Bank of Marin VISA XXXXXX2410, and Capital One VISA XXXXXX6223 (the Personal Credit Accounts).

7. Plaintiff is informed and believes and on that basis alleges that as of the filing of the petition for relief, the Personal Credit Accounts had a combined balance in excess of $100,000.

8. Plaintiff is informed and believes and on that basis alleges that as of the filing of the petition for relief, the Defendant The Perfect Builder, Inc. had assets in excess of $150,000, consisting of cash in the amount of $97,000 and the balance in the liquidation value of motor vehicles, tools, and furniture, fixtures and equipment.

9. Plaintiff is further informed and believes and on that basis alleges that as of the filing of the petition for relief, the only legitimate debts of Defendant The Perfect Builder, Inc. were (1) two corporate credit card, including Capital One VISA XXXXXX7905 and Citi VISA XXXXXX4400, having an aggregate balance of less than $10,000, (2) a consumer deposit in the amount of $4,958.50, and (3) a shareholder loan in the amount of $16,038.55, leaving net equity in the corporation in the approximate amount of $119,000.00.

10. On June 29, 2013, Plaintiff acting in his capacity as the sole shareholder of the Defendant The Perfect Builder, Inc., duly enacted a unanimous resolution of the shareholders to voluntarily dissolve the Defendant The Perfect Builder, Inc., effective June 30, 2013, and transmitted this resolution to Defendant John E. Fraine, care of his counsel, with the instruction to immediately terminate all business operations, liquidate the corporation's tangible assets, and pay over all liquidation proceeds and the cash on hand to Plaintiff. A correct copy of this resolution is attached to this Complaint and labeled Exhibit 1.

11. Since June 30, 2013, in breach of his fiduciary duty to Plaintiff, Defendant Fraine has failed and refused to comply with this resolution.

12. Plaintiff is informed and believes and on that basis alleges that Defendant Fraine is engaging in a sophisticated scheme of misfeasance to wrongfully retain the cash stockpile and other assets of The Perfect Builder, Inc. for his own purposes, even though the filing of the Chapter 7 case has divested him of all rights as a shareholder of The Perfect Builder, Inc. Specifically, Defendant Fraine has inaccurately characterized the Personal Credit Accounts as liabilities of the Defendant Perfect Builder, Inc., so as to create the false impression that the corporation has zero value. Yet Defendant Fraine has scheduled these same Personal Credit Accounts as his personal liabilities, so as to obtain a discharge of the subject indebtedness. The net effect of Defendant Fraine's scheme, if successful, is to retain all of the corporate assets of Defendant, The Perfect Builder for his personal use without making those assets available for his legitimate creditors, yet eliminate the vast majority of liabilities associated with those assets through his personal bankruptcy.

/ /

## FIRST CLAIM FOR RELIEF

(Voluntary Dissolution and Winding Up of Corporation –
California Corporations Code § 1900 *et seq*)
(Against All Defendants)

13. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 12, inclusive.

14. Plaintiff, as the duly appointed Chapter 7 Trustee in Bankruptcy of the Debtor John E. Fraine is the holder of 100 % of the outstanding shares of The Perfect Builder, Inc.

15. Plaintiff has duly enacted a resolution for the voluntary dissolution and winding up of Defendant The Perfect Builder, Inc., pursuant to his rights under the bylaws of the corporation and the provisions of California Corporations Code §1900(a).

16. Due to the fact that Defendant Fraine, as sole director and officer of The Perfect Builder, Inc., has failed and refused to comply with Plaintiff's direction to dissolve and wind up the corporation, it is necessary for Plaintiff to seek judicial supervision of the dissolution, as set forth in California Corporations Code §1904.

17. By reason of Defendant Fraine's refusal to comply with the direction of Plaintiff as the sole shareholder of the Defendant Perfect Builder, Plaintiff is entitled to a judicial decree compelling the winding up and dissolution of the corporation, the removal of Defendant Fraine as the sole director of the corporation, the appointment of a provisional director and/or receiver as nominated by Plaintiff, and a distribution of all of the assets and liquidation proceeds of the Defendant The Perfect Builder, Inc., after payment of its legitimate debts other than the Personal Credit Accounts.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## SECOND CLAIM FOR RELIEF

(Involuntary Dissolution and Winding Up of Corporation –
California Corporations Code § 1800 *et seq*)
(Against All Defendants)

18. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 17, inclusive.

19. Plaintiff, as the duly appointed Chapter 7 Trustee in Bankruptcy of the Debtor John E. Fraine is the holder of 100 % of the outstanding shares of The Perfect Builder, Inc.

20. Plaintiff has duly enacted a resolution for the voluntary dissolution and winding up of Defendant The Perfect Builder, Inc., pursuant to his rights under the bylaws of the corporation and the provisions of California Corporations Code §1900(a).

21. Defendant Fraine, in breach of his fiduciary duty to Plaintiff, has refused to dissolve The Perfect Builder, Inc, and otherwise follow Plaintiff's instructions. Defendant Fraine has been guilty of persistent and pervasive mismanagement, unfairness, and abuse of authority with respect to Plaintiff and the property of the corporation, as alleged above, particularly in Paragraph 12 above.

22. By reason of Defendant Fraine's refusal to comply with the direction of Plaintiff as the sole shareholder of the Defendant Perfect Builder, Plaintiff is entitled to a judicial decree compelling the winding up and dissolution of the corporation, the removal of Defendant Fraine as the sole director of the corporation, the appointment of a provisional director and/or receiver as nominated by Plaintiff, the publication of the notice to creditors of the corporation as specified in California Corporations Code §1807, and a distribution of all of the assets and liquidation proceeds of the Defendant The Perfect Builder, Inc., after payment of its legitimate debts other than the Personal Credit Accounts.

WHEREFORE, Plaintiff prays for judgment as set forth below.

THIRD CLAIM FOR RELIEF
(Turnover of Property of the Estate)
(Against All Defendants)

23. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 22, inclusive.

24. There is a surplus of not less than $110,000 in the amount of assets over the amount of the legitimate liabilities of Defendant The Perfect Builder, Inc.

25. Due to Plaintiff's status as the sole shareholder of The Perfect Builder, Inc., and Plaintiff's direction to dissolve Defendant The Perfect Builder, Inc., this surplus is property of the estate.

26. Defendants are in possession of this property.

27. Despite repeated demands by Plaintiff, Defendants have failed and refused to turn

over this property of the estate to Plaintiff.

28. Plaintiff is therefore entitled to judgment compelling Defendants and each of them to turnover this property of the estate to Plaintiff.

WHEREFORE, Plaintiff prays for judgment as set forth below.

FOURTH CLAIM FOR RELIEF
(Preliminary and Permanent Injunction)
(Against All Defendants)

29. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 28, inclusive.

30. On June 29, 2013, in his capacity as sole shareholder of Defendant The Perfect Builder, Inc., Plaintiff duly enacted a shareholder's resolution for the dissolution and winding up of Defendant The Perfect Builder, Inc., and instructed Defendant Fraine, in his capacity as the sole officer and director of the corporation, to immediately cease business operations, and cease non-essential expenditures of the corporation's cash.

31. Thereafter, Plaintiff instructed Defendant Fraine, in his capacity as the sole officer and director of the corporation, to immediately cease all expenditures of the corporation's cash. Despite repeated demands, Defendant Fraine has failed and refused to account for the corporation's cash currently under his control and has further failed and refused to agree to cease disbursements of this cash.

32. Unless Defendants are enjoined from dissipating the cash and other assets of the corporation, Plaintiff will be irreparably harmed in that Plaintiff has no practical means of recovering money damages from Defendants, given the insolvency of Defendant Fraine.

33. Plaintiff is therefore entitled to a preliminary and permanent injunction barring Defendants, and each of them, their agents, employees, successors, heirs, and assigns, and all others acting on their behalf from conducting any business, making an expenditures of the cash or cash proceeds of the corporation's assets, or otherwise dissipating the assets of the corporation.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For an order compelling the dissolution and winding up the affairs of Defendant The Perfect Builder, Inc. and the distribution of all net surplus of the corporation to Plaintiff in his

capacity as Chapter 7 Trustee in Bankruptcy of John E. Fraine;

2. For a preliminary and permanent injunction judgment barring Defendants, and each of them, their agents, employees, successors, heirs, and assigns, and all others acting on their behalf from conducting any business, making an expenditures of the cash or cash proceeds of the corporation's assets, or otherwise dissipating the assets of the corporation;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court deems proper.

Dated: July 17, 2013

MacCONAGHY & BARNIER, PLC

/s/ John H. MacConaghy
John H. MacConaghy
Attorney for Plaintiff, JEFFRY G. LOCKE



Case: 13-01094 Doc# 1 Filed: 07/17/13 Entered: 07/17/13 17:02:37 Page 7 of 7